ELMER WARREN V. THE STATE.

No. 19102.  Delivered October 13, 1937.
Rehearing Denied November 24, 1937.

The opinion states the case.

*Joe N. Davis,* of Palestine, for appellant.

304

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for hog theft; punishment, two years in the penitentiary.

The testimony shows that a number of hogs were stolen on the night of November 15, 1935, from the East Texas State Hospital at Rusk, Texas. The hogs were large, well bred and in good condition. They were missed on the morning of November 16th. Beside the pen from which they were taken appeared tracks of a dual wheeled truck. One Allen swore for the State that he owned a 1935 dual wheeled truck, and that on the morning of November 15th, 1935, appellant told him that he wanted to use witness' truck that night about 12 o'clock, and accordingly he took his truck to appellant's home in Rusk about that time. He testified that appellant took said truck and drove away in it, telling witness to meet him at a certain place. After some time appellant came to the place mentioned and had in the truck of witness a load of hogs. Witness went with appellant that night to Dallas, where appellant took the hogs to a packing house and "disposed of them." Witness said that appellant had no hogs of his own that he knew of. Appellant paid him seventeen dollars for making the trip to Dallas. Witness said he later went to the State Hospital at Rusk and looked at some dual wheel truck tracks by the hog pen out there, and that said tracks corresponded with those made by his truck.

Mr. Anderson testified that he worked in Dallas for Swift & Co., who had bought the Armstrong Packing Co. He remembered the handling of a truck load of hogs at said company's yards about November 16, 1935, and identified the tickets made for the hogs on that occasion. The total amount paid for the hogs was about $500.00. The hogs were described by several witnesses as being large and well conditioned hogs. Anderson did not undertake to identify appellant as the seller of the hogs. He said Mr. McGleason aided in the handling, weighing, etc., of said truck load of hogs. McGleason testified that on November 16th he was present and helping Anderson in the handling of a certain truck load of hogs brought there by a man named Warren, who said he lived in Kaufman, Texas, the truck load consisting of eighteen black Poland China hogs. The total weight was something over seven thousand pounds. This witness said he saw Warren get a check for the hogs. He identified the tickets which were introduced in evidence, and said the amount there shown to have been paid was correct. Appellant did not testify.

We have carefully considered the case in the light of the able brief for appellant. We find in the record seven bills of exceptions. The first complains of the refusal of a peremptory instruction of acquittal. Four of said bills of exceptions are in question and answer form without any certificate of the trial judge that it was necessary that they be in such form. Art. 760, C. C. P., condemns bills of exceptions in this form, and we cannot consider same.

Bill of exceptions No. 6 complains of the introduction in evidence of the tickets made at the packing house in Dallas for the hogs referred to. The ground of the objection was that neither the tickets nor appellant were identified. Both Mr. Anderson and Mr. McGleason identified the tickets, and McGleason said they got the hogs from Mr. Warren who said he lived in Kaufman, Texas, and the tickets were made out to the man who sold the hogs. Each of the tickets showed Elmer Warren as the seller. The case was submitted to the jury on the law of circumstantial evidence.

We see no reversible error in the asking of Mrs. Warren, wife of appellant, if her husband told her of the taking of these hogs. She had testified that her husband told her everything. Appellant's objection to the question also was sustained. The facts seem to amply support the judgment of guilty.

We have considered the able brief of appellant, but believing the facts to be sufficient, and that no reversible error appears, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Several matters are presented in the motion for rehearing filed by the appellant, all of which have been examined by the writer.

Appellant stresses that part of the motion which relates to his attack on the decision upon the ground that it offends against the statutory provisions restricting the cross-examination of the wife of the accused when she takes the witness stand in his behalf. The appellant called his wife as a witness and on direct examination proved by her that he had never been convicted of a felony, but elicited no other testimony from her. Counsel for the State then cross-examined the witness and made inquiry as to whether the appellant had been in any previous trouble or ever been convicted of a felony. On re-direct examination the wife of the appellant testified that she was familiar

with his family history and said she could tell the jury that he had never been convicted of a felony in this or any other state. From the bill of exception we quote as follows:

"BE IT FURTHER REMEMBERED, that upon re-cross examination, * * * the District Attorney, then asked the witness the following question:

" 'Does he tell you everything?'

"To which question, the witness answered, 'Yes, sir,' and the District Attorney then asked,

" 'Did he tell you about getting those hogs from the asylum?'

"To which question, defendant then and there objected for the reason that the witness was the wife of the defendant, and the defendant had not interrogated her with reference to any fact or circumstances, except as to whether he had been convicted of a felony in this or any other state, and for the reason the State was attempting to go into a fact or circumstance not inquired about by the defendant of the witness, who was his wife.

"BE IT FURTHER REMEMBERED, the court then and there sustained the objection, and the defendant then and there objected to the foregoing questions and took exception in open court to the District Attorney asking the question of the witness, because same was inflammatory, irrelevant and immaterial, and was interrogation of the witness who was the wife of the defendant, about a fact and circumstance not inquired about by the defendant."

In view of the action of the trial court in sustaining the appellant's objection to the questions and answers quoted above, we think no error was presented.

The other matters presented in the appellant's motion for rehearing have been dealt with in the original opinion.

The motion for rehearing is overruled.

*Overruled.*